UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-8062-WM

UNITED STATES OF AMERICA

v.

JAMES TIMOTHY RUBINO,

Defendant.
_____/

FILED BY ___SP___ D.C.

Feb 24, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?   ___ Yes  ✓ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   ___ Yes  ✓ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   ___ Yes  ✓ No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY: ___/s/ Daniel C. Funk___
DANIEL E. FUNK
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.   0592501
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:    305-905-7509
Fax:    561-820-8777
Email:  daniel.funk@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED BY _____ D.C.
FEB 24 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| JAMES TIMOTHY RUBINO | ) Case No. | 22-8062-WM |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 23, 2022__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2113(a) | Bank Robbery |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

FBI Special Agent Gregory Hoffman
Printed name and title

Sworn to me via Telephone-FaceTime by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1.

Date: Feb 24, 2022

_____
Judge's signature

City and state: West Palm Beach, FL

William Matthewman, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Gregory Hoffman, first being duly sworn, do hereby depose and state as follows:

1. I am currently a Special Agent with the Federal Bureau of Investigation and have been so employed since March 2016. Following an initial five-month training period at the FBI Academy in Quantico, Virginia, I was assigned to the Violent Crime Squad in the Palm Beach County Resident Agency where I have worked since August 15, 2016. I have been involved in the investigation of various criminal violations including traditional narcotics trafficking, Dark Web narcotics trafficking, bank robberies, interstate stalking, violent criminal gangs, and various other criminal violations.

2. Prior to working as an FBI agent, I worked as a prosecutor in the Nassau County District Attorney's Office for a period of approximately twenty-two months. Prior to that employment, I worked in multiple internships concerning criminal and civil law enforcement on behalf of various state and municipal governments in Virginia and New York.

3. This affidavit is based on your affiant's personal knowledge and on information provided to your affiant by other law enforcement officers and witnesses. Not all the facts known to me have been included in this affidavit, but only such facts as are necessary to support a finding of probable cause for the issuance of a criminal complaint charging defendant JAMES TIMOTHY RUBINO with bank robbery, in violation of Title 18, United States Code, Section 2113(a).

4. On February 23, 2022, at approximately 4:15 p.m., JAMES TIMOTHY RUBINO entered the PNC Bank located at 950 Northlake Boulevard in Lake Park, Florida, within the Southern District of Florida. The PNC Bank is federally insured by the FDIC. RUBINO parked his rental vehicle near the front entrance of the bank and left the car running. At some point prior to the robbery, RUBINO bent the license plate to face upwards. Based on my training and

experience, I am aware that obscuring a license plate is a method used by criminal actors to hide their identity by evading license plate identification techniques employed by law enforcement.

5.  RUBINO entered the PNC Bank and approached VICTIM TELLER wearing a wig and surgical mask. RUBINO demanded that VICTIM TELLER provide him with U.S. currency in an elevated and aggressive tone of voice. VICTIM TELLER complied by handing over a quantity of U.S. currency to which RUBINO escalated his aggressive tone and made statements to the effect that non-compliance would result in the harming of customer bystanders in the bank lobby area. VICTIM TELLER then endeavored to obtain more U.S. currency to give to RUBINO.

6.  While VICTIM TELLER was attempting to give RUBINO more money, VICTIM CUSTOMER 1 and VICTIM CUSTOMER 2 tackled and physically restrained RUBINO. RUBINO attempted to fight free of VICTIM CUSTOMER 1 and VICTIM CUSTOMER 2 from the ground but could not do so. VICTIM CUSTOMER 1 and VICTIM CUSTOMER 2 successfully restrained RUBINO until the arrival of Palm Beach Sheriff's Office (PBSO) deputies who took RUBINO into custody. RUBINO was transported to the PBSO substation in Lake Park, Florida. During the incident, RUBINO had taken some money into his possession, but lost it while wrestling on the ground with VICTIM CUSTOMER 1 and VICTIM CUSTOMER 2. A post-incident audit of the bank's teller drawers determined that $994.00 had been removed from the drawers and given to RUBINO before he was apprehended.

7.  At approximately 7:36 p.m., RUBINO was interviewed by your affiant and a PBSO detective. Prior to the reading of *Miranda* warnings, RUBINO loudly expressed regret and made statements that he was a predator who needed to be locked up. Your affiant explained to RUBINO that he was going to be read *Miranda* because he was under arrest and that the interview would be recorded. RUBINO was read *Miranda* and signed a waiver in the presence of the PBSO detective

and your affiant. RUBINO stated that he had done $600-$700 worth of cocaine since approximately 2:00 p.m. the prior day until just before the bank robbery but was coming down from his high at the time of the interview. RUBINO further stated that he had consumed alcohol to calm himself down so he could go through with the bank robbery at the PNC Bank. In substance, RUBINO stated that he had scared the tellers at the bank because he was loud and physically large. RUBINO denied having a gun during the incident, stating that he knew he would get fifteen years in federal prison if he had one. RUBINO stated that the PNC Bank used to be his bank and that he had robbed it previously in 2018. RUBINO also stated that he had robbed a Wells Fargo in 2018. RUBINO expressed deep regret for attempting to rob the bank and stated it was because he had had his car and money stolen recently.

8. A review of RUBINO's criminal record verified that he had been convicted in 2018 for robbing both a PNC Bank and Wells Fargo.

9. Based on the facts outlined above, your affiant believes there is a probable cause to charge RUBINO with bank robbery, in violation of Title 18, United States Code, Section 2113(a).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

GREGORY HOFFMAN
Special Agent, FBI

Sworn to me via Telephone-FaceTime by the
affiant in accordance with the requirements of
Fed. R. Crim. P. 4.1 on this 24th day of February 2022.

HON. WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-8062-WM

PENALTY SHEET

Defendant's Name: JAMES TIMOTHY RUBINO

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Bank Robbery | 18 U.S.C. § 2113(a) | 20 Years' Imprisonment<br>$250,000 fine<br>SR: Up to 3 years<br>$100 Special Assessment |